UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MANISH GUPTA AND ASHISH GUPTA | § | |
| | § | CIVIL ACTION NO: 4:25-CV-00605 |
| v. | § | |
| | § | JURY DEMANDED |
| TRAVELERS LLOYDS INSURANCE | § | |
| COMPANY | § | |

## DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Travelers Lloyds of Texas Insurance Company (incorrectly identified as Travelers Lloyds Insurance Company) ("Travelers" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I.    NATURE OF THE SUIT

1.    This lawsuit arises from an insurance claim made by Ashish Gupta ("Plaintiffs") under insurance policy number 978880352-676-1 issued by Travelers Lloyds of Texas Insurance Company to Ashish Gupta for policy period from December 29, 2022 to December 29, 2023., subject to all terms and conditions therein and all endorsements attached thereto ("Policy"). Plaintiffs reported a claim on or about April 11, 2023 ("Claim"). Plaintiffs allege generally that Travelers wrongfully denied and/or underpaid the claim. *See generally* **Exhibit D** (Plaintiffs' Original Petition). Plaintiff filed this lawsuit alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act, and seeks actual damages, treble damages, punitive and/or exemplary damages, interest, and attorney's fees.

## II.    PROCEDURAL BACKGROUND

3.    On May 2, 2025, Plaintiffs filed their Original Petition initiating an action in the 431st Judicial District Court of Denton County, Texas, bearing Cause No. 25-4408-431 ("State Court Action"). *See* **Exhibit D.**  A jury demand has been made.

4.    Defendant was served with Citation on May 6, 2025.

5.    This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days of service on Defendant.

## III.    BASIS FOR REMOVAL

6.    This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Travelers pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.    Complete Diversity of Citizenship Exists Between the Properly Joined Parties.**

7.    **Plaintiffs are Texas citizens**. Plaintiffs are citizens of the State of Texas (*see* ¶ 2 of Plaintiffs' Original Petition, Ex. D), own a home in Denton County, Texas, and maintain the home as a principal residence.[1]

8.    **Defendant is an Unincorporated Association of Underwriters and is a Citizen of Connecticut.** Defendant is an unincorporated association of underwriters. For the purposes of establishing diversity, an unincorporated association is a citizen of the association's members, and the members of a Texas Lloyds entity are its appointed underwriters for purposes of diversity jurisdiction. *Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877 (5th Cir. 1993). All

---

[1] *See also* Denton County Appraisal District at: PropertySummaryReport-234294-2025. Judicial notice is appropriate here because the fact is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  FED. R. EVID. 203.

of Defendant's appointed underwriters are domiciled in Connecticut and are citizens Connecticut. None of the underwriters lives in Texas and none is a citizen of Texas. Therefore, for purposes of determining diversity jurisdiction, Defendant is a citizen of Connecticut. Because Plaintiffs are citizens of Texas and none of Defendant's underwriters is a Texas citizen, complete diversity of citizenship exists among the Parties in this action.

**B.    The Amount in Controversy Requirement is Satisfied**

11.    The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

12.    Here, the Plaintiffs' Original Petition states, the Plaintiff is seeking "monetary relief of $250,000.00 or less and non-monetary relief, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." *See* **Exhibit D,** at ¶ 5. Additionally, Plaintiffs' Pre-suit Notice and Demand letter dated December 16, 2024, alleges economic damages in the amount of $55,602.88, plus treble damages, and $6,500.00 in attorney's fees. **Exhibit E,** at p. II. (A), III, IV. Plaintiffs' Petition also seeks treble damages. *See* **Exhibit D**, at ¶¶ 29, 38. Thus, Plaintiffs seek damages in excess of $75,000, which satisfies the amount in controversy requirement.

**C.     Other Matters**

13.     Removal to the Eastern District of Texas, Sherman Division is proper because the State Court Action is pending in Denton County, Texas, which is part of the Eastern District.

14.     In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, Defendant attaches to this Notice of Removal: (a) index of all documents that identifies each document and indicates the date the document was filed in stated court, (b) a civil cover sheet and copy of the state court docket sheet, (c) a copy of all pleadings that assert causes of action; all answers to such pleadings and a copy of all process and orders served upon the party removing the case.  *See* **attached Appendix.**

15.     Defendant will separately file any Corporate Disclosure which may be required after filing this Notice in compliance with FED. R. CIV. P. 7.1.

16.     In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV.     <u>CONCLUSION AND PRAYER</u>

17.     The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because Plaintiffs are citizens of Texas and Defendant is a citizen of Connecticut.  For the reasons stated in this Notice, the properly joined parties are completely diverse, and the Court may exercise diversity jurisdiction over this lawsuit. The amount in controversy, based on the face of the Plaintiff's Original Petition, exceeds $75,000.00, exclusive of interest and costs. As such, this Court has subject matter jurisdiction over this action and this removal is proper under 28 U.S.C. § 1441. On these grounds, Travelers hereby removes the referenced State Court Action to this Court.

18.    Defendant demands a jury in this removed action.

THEREFORE, Defendant Travelers Lloyds of Texas Insurance Company, respectfully requests that the above-entitled action be removed from the 431st District Court of Denton County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division.

Respectfully submitted,

/s/Sheryl Kao
Sheryl Kao
State Bar No. 24036874
CHARTWELL LAW
550 Reserve Street, Suite 190
Southlake, TX 76092
Telephone: 512-856-6348
skao@chartwelllaw.com
**ATTORNEY FOR DEFENDANT
TRAVELERS LLOYDS OF TEXAS
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel in accordance with the Federal Rules of Civil Procedure on June 5, 2025.

Erik Walker
The Professional Law Group, PLLC
7500 Rialto Blvd
Building 1, Suite 240
Austin, Texas 78735

/s/ Sheryl Kao
Sheryl Kao